## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LUCILLE ANNE CHAMPION,** | ) | **CASE NO. 8:05CV204** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNIVERSITY OF NEBRASKA** | ) | |
| **MEDICAL CENTER, INTERNATIONAL** | ) | |
| **STUDIES AND PROGRAMS, LOIS** | ) | |
| **OLSEN, EASTERN NEBRASKA** | ) | |
| **HUMAN SERVICES, DR. SEVERA,** | ) | |
| **MARY JUDE, Sister, RSM, and** | ) | |
| **RELIGIOUS SISTERS OF MERCY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This case was previously dismissed by this court in error, was reopened on the court's docket, and was stayed pending receipt of the filing fee or an in forma pauperis application.  The plaintiff's payment of the filing fee was received on September 5, 2007.  Therefore, this case should be progressed.

While the case was dismissed, and before that dismissal and judgment was withdrawn, the plaintiff filed a Motion for Temporary Restraining Order, (Filing No. 33), and a Motion for the Court to Take Judicial Notice.  Filing No. 34.   Moreover, the plaintiff improperly filed a "Motion to Compel" while this case was stayed.   Filing No. 38.  These motions are not supported by admissible evidence.  For these reasons alone, the motions could be summarily denied.  However, under the unique circumstances of this case, the plaintiff's overlapping requests for relief will be addressed.

Read liberally, the plaintiff's Motion for the Court to Take Judicial Notice, (Filing No. 34), requests an order restoring her banking privileges and Real Estate Broker's Licence,

and an order permitting her to place a lock on her apartment door.  The plaintiff's Motion for Temporary Restraining Order, (Filing No. 33), seeks an order:

--      Allowing her to see a doctor regarding her leg;

--      Restraining Dr. Severa and the International Studies and Programs from entering her home at night while she is sleeping under "Medical Gas";

--      Removing the "Medical Gas" from her apartment;

--      Allowing her to lock her apartment door and car; and

--      Restraining "the woman doctor Licence Number PMI 893 Phone Number 650 5318" from entering her home and touching her body.

Read liberally, the plaintiff's motion to compel, (Filing No. 38), adds the following requests for relief:

--      An order eliminating access to her home by her son, son-in-law, "the woman doctor" described above, and relatives; and

--      An order restraining her participation in body and face studies or "an unwanted pregnancy program that seems to have no end and I am now 67 years of age."

The standard applicable to determining the merits of the plaintiff's requests for a temporary restraining order is the standard applied for preliminary injunctions  articulated in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir.1981).  See Sharp v. Parents in Community Action, Inc., 172 F.3d 1034, 1037-38 (8th Cir. 1999).  To decide whether to grant or deny the plaintiff's motions, the court must weigh:  1) the threat of irreparable harm to the movant; 2) the balance between the harm to the movant and the harm to other parties if the injunction is granted; 3) the movant's probability of success on

2

the merits; and 4) the public interest.   Dataphase Systems, 640 F.2d at 113.   "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Electric Co-op, 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corporation v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir.1987)).   The moving party has the burden of proof.

The plaintiff's motions are not supported by any evidence showing a causal connection between the alleged loss of her banking privileges and Real Estate License and the alleged acts and omissions of the named defendants.   Based on the record, there is nothing stopping the plaintiff from seeing a doctor, removing the "Medical Gas" from her apartment, refusing to participate in the alleged medical studies or unwanted pregnancy program, or locking her apartment and car door.   There is nothing of record stating the named defendants are related to the plaintiff, or that the "woman doctor" who allegedly enters her home with her son or son-in-law is a named defendant, or is employed, supervised by, or acting in concert with a named defendant.   See Fed. R. Civ. P. 65(d)("[E]very restraining order . . .  is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.").   Based on the record, the plaintiff lacks foundation to state that anyone enters her home at night while she sleeps, or to identify such person or persons.

The plaintiff has failed to set forth "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result" if her motions for injunctive relief are not granted.   Fed. R. Civ. P. 65(b).   The plaintiff has failed to meet her burden of proving that she is suffering irreparable harm at the hands of the named

defendants, or that it is likely she will succeed on the merits.  The plaintiff's pending motions for injunctive relief must therefore be denied.

IT IS ORDERED that:

1.    The plaintiff's Motion for Temporary Restraining Order, (Filing No. 33), Motion for the Court to Take Judicial Notice, (Filing No. 34), and Motion to Compel, (Filing No. 38), are denied;

2.    This case is no longer stayed;

3.    The defendants are given until October 1, 2007, to file their response to the plaintiff's First Amended and Restated Complaint for Injunction, Filing No. 13; and

4.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 1, 2007: Defendants' Answer/Response deadline.

DATED this 10th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4