IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LUCILLE ANNE CHAMPION,** | ) | CASE NO. 8:05CV204 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| UNIVERSITY OF NEBRASKA | ) | |
| MEDICAL CENTER, INTERNATIONAL | ) | |
| STUDIES AND PROGRAMS, LOIS | ) | |
| OLSEN, EASTERN NEBRASKA | ) | |
| HUMAN SERVICES, DR. SEVERA, | ) | |
| SISTER MARY JUDE, and | ) | |
| RELIGIOUS SISTERS OF MERCY, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before me are the motions to dismiss filed by the defendants, (Filing Nos. 49, 52, and 55), and the plaintiff's motions for reconsideration, (Filing Nos. 58 and 59), motion to cease and desist and for sanctions, (Filing No. 60), motion to set aside defendant Olsen's motion to dismiss,(Filing No. 68), and motion to file evidence in response to defendants' motions to dismiss, (Filing No. 69).

The plaintiff's motion to set aside defendant Olsen's motion to dismiss, (Filing No. 68), is deemed a response to the motion to dismiss filed by defendants Lois Olsen and Eastern Nebraska Human Services, (Filing No. 49). The plaintiff's motion to file evidence in response to defendants' motions to dismiss, (Filing No. 69), will be granted.

The plaintiff's motions for reconsideration, (Filing Nos. 58 and 59), are essentially the same. Both motions exceed 75 pages in length, recite the same facts supported by the same attachments, and ask the court "to reconsider my 2005 Complaint of experiencing Medicare Fraud." Filing No. 58, p. 1; Filing No. 59, p. 1.

Read liberally, plaintiff's motions for reconsideration address the sufficiency of the Medicare fraud allegations within the plaintiff's amended complaint and, and such, will be discussed in conjunction with the defendants' motions to dismiss.

The plaintiff's motion to cease and desist and for sanctions, (Filing No. 60), reiterates many of the allegations and requests for relief included within the plaintiff's amended complaint. The motion also requests an order enjoining the actions of "doctors and mental health workers . . . along with Adult Protective" whose "whole purpose is to commit someone to an institution," (Filing No. 60, p. 9), and an order restoring "my checking accounts to me and not to my relatives. . . ." Filing No. 60, p. 10.[1] These claims for relief will be addressed with the defendants' motions to dismiss.

### The Plaintiff's Amended Complaint

### (Filing No. 13)

The plaintiff's pro se amended complaint, (Filing No. 13), is the operative complaint. Liberally construing the complaint as it pertains to any allegations against the named defendants, the plaintiff alleges:

<u>University Defendants</u>: Defendants Severa, the University of Nebraska Medical Center, and the University of Nebraska International Studies and Programs (the "University Defendants"), are represented by the University's counsel and have jointly filed a motion

---

[1] The plaintiff's amended complaint also demands that the State of Nebraska stop discriminating against the plaintiff and cease "telling people that I need a Guardian." Filing No. 13, p. 26. According to Sarpy and Douglas County Court records, and the State of Nebraska's database, the plaintiff does not have a court-appointed guardian or conservator.

to dismiss. Defendant Severa is only mentioned in the caption of the plaintiff's amended complaint and is not alleged to have harmed the plaintiff.

However, to the extent the plaintiff's amended complaint can be liberally construed as stating the University Defendants acted in concert to harm the plaintiff, the amended complaint alleges that at the insistence of, or in cooperation with the plaintiff's ex-husband, his family members, and plaintiff's family members, the University Defendants physically abused and mentally tortured the plaintiff by using her body for painful and invasive medical studies without her consent. The plaintiff alleges the University Defendants accomplished this by infusing her home with "Medical Gas" at night, subjecting her to hypnotherapy, medicating her with Demoral by forced ingestion, and by spraying her refrigerated food with this drug. She claims that after she is rendered unable to defend herself or call for help due to the Medical Gas and Demoral, the University Defendants impregnate her as part of a pregnancy program, loosen her teeth, and perform unwarranted surgeries, hair studies, and sex therapy (including breast augmentation) on the plaintiff. She alleges that her Medicare Part B Insurance covers home health care, medical studies, and research, and therefore her premiums are being used to pay the "salary of those workers who use a medical Gas break and enter my apartment and sexually abuse me." She further claims the University Defendants gain access to plaintiff's private banking and legal information during these nighttime visits. Filing No. 13, pp. 7, 10-12, 14-15, 20, 22-25, 29-30, 45; Filing No. 58, p. 33. The plaintiff's amended complaint acknowledges that plaintiff cannot "prove who was coming into [her] bedroom at night," (Filing No. 13, p. 11).

The plaintiff seeks an order precluding the University Defendants from:

- Continuing to perform its pregnancy program on the plaintiff's body, (Filing No. 13, pp. 22, 44);

- Subjecting the plaintiff to sex therapy, (Filing No. 13, pp. 22, 29, 44);

- Performing surgical procedures on plaintiff's legs, feet, toes, fingers, and buttocks, (Filing No. 13, p. 44);

- Infusing her home or any place where she sleeps with Medical Gas, (Filing No. 13, p. 44);

- Removing and performing studies on plaintiff's hair, (Filing No. 13, pp. 36, 47);

- Acting as her medical care provider, physician, or psychiatrist, or making any medical decisions regarding plaintiff's care, (Filing No. 13, pp. 47, 53); and

- Stalking the plaintiff or gaining access to her bedroom, (Filing No. 13, p. 47).

The plaintiff further seeks an abortion to terminate her unwanted pregnancy. Filing No. 13, pp. 24, 45.

Lois Olsen and Eastern Nebraska Human Services: As to defendants Lois Olsen and her alleged employer, Eastern Nebraska Human Services, the plaintiff claims these defendants have committed Medicare fraud by placing her in a program approved by the American Bar Association when she is working 5 hours a day and attending a Legal Assistant School. See Filing No. 13, p. 4. The plaintiff's prayer for relief seeks an order enjoining Eastern Nebraska Human Services "from using a Durable Power of Attorney to order Medical Supplies, medical services, drugs, etc. and Physicians for [the plaintiff]," and "from drawing up programs and invading my private life with non sense and sex therapy which violates my Freedom of Religion." Filing No. 13, p. 53.

Religious Sisters of Mercy: The plaintiff's amended complaint does not mention named defendant, Sister Mary Jude, and contains no allegations of wrongdoing by the

Religious Sisters of Mercy. The plaintiff's prayer for relief seeks an order enjoining the Religious Sisters of Mercy "from using a Durable Power of Attorney to control my health care and home health care, and make decisions for me when I am a Genius and perfectly capable of making my own decisions. And from telling people I am not eligible for work." Filing No. 13, p. 53.[2]

## Motions for Reconsideration

(Filing Nos. 58 & 59)

The plaintiff's motions for reconsideration, (Filing Nos. 58 & 59), set forth a complex set of historical facts, yet even considering these facts in combination with the plaintiff's amended complaint, the plaintiff has failed to state a claim against any defendant for Medicare fraud. There are no allegations to support a claim that defendants International Studies and Programs, Lois Olsen, Eastern Nebraska Human Services, Sister Mary Jude, and Religious Sisters of Mercy provided health and human services to the plaintiff and submitted bills for those services to Medicare. Even assuming defendants University of Nebraska Medical Center and Dr. Severa provided medical care to the plaintiff, there are no allegations stating with specificity that any billings or explanations for billings submitted to Medicare were fraudulent or contained material misrepresentations. To the extent the

---

[2]The plaintiff's more recent filings raise allegations of acts or omissions performed by entities and persons other than the named defendants. These allegations are neither addressed in this memorandum and order nor considered supplements to the plaintiff's amended complaint. Specifically, the court will not address plaintiff's claims that her cell phone company and internet provider have engaged in improper billing and payment practices, credit reporting agencies have inaccurately reported that she has unpaid medical bills, and U.S. Postal Service employees have refused or delayed delivery of her mail. See Filing Nos. 38, 45, 60, & 67.

plaintiff attempts to raise a Medicare fraud claim under the False Claims Act, (31 U.S.C.A. § 3729 et seq), her complaint fails to state a claim because she has failed to "set out the details of the specific scheme and its falsehoods, as well as supply the time, place, and content of false representations, and link that scheme to claims for payment made to the United States." U.S. ex rel. Barrett v. Columbia/HCA Healthcare Corp. , 251 F. Supp. 2d 28, 35 (D.D.C. 2003). The plaintiffs' amended complaint, considered in conjunction with her motions for reconsideration, fails to state a claim for recovery under federal Medicare law.

Motion to Dismiss (Religious Sisters of Mercy and Sister Mary Jude)
(Filing No. 55)

Defendants Religious Sisters of Mercy and Sister Mary Jude seek dismissal for lack of subject matter jurisdiction and for failure to state a claim. As to these defendants, the plaintiff's amended complaint fails to allege diversity of citizenship as required for federal diversity jurisdiction. 28 U.S.C. § 1332.

To state a federal civil rights claim under 42 U.S.C. § 1983 against defendants Religious Sisters of Mercy and Sister Mary Jude, the plaintiff must allege that as tot he allegations of the plaintiff's complaint, these defendants were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). There is no allegation, and the court cannot infer, that defendants Religious Sisters of Mercy and Sister Mary Jude are state actors or acted under color of state law. The plaintiff has not alleged a federal claim under 42 U.S.C. § 1983.

Although the plaintiff's amended complaint and motions for reconsideration mention Medicare fraud, she has failed to adequately allege such a claim, or any other claim arising

under federal law, against defendants Religious Sisters of Mercy and Sister Mary Jude. Plaintiff's amended complaint fails to mention Sister Mary Jude and fails to allege that she, or any of the Religious Sisters of Mercy, harmed or injured the plaintiff.

As to defendants Religious Sisters of Mercy and Sister Mary Jude, the plaintiff has failed to allege the existence of a case or controversy as required under Article III of the United States Constitution, and she has failed to raise any basis for exercising federal subject matter jurisdiction over her claims. The motion to dismiss filed by defendants Religious Sisters of Mercy and Sister Mary Jude, (Filing No. 55), must be granted. Moreover, to the extent the plaintiff's motion to cease and desist and for sanctions, (Filing No. 60), is directed against defendants Religious Sisters of Mercy and Sister Mary Jude, the court lacks subject matter jurisdiction to address this motion.

<u>Motion to Dismiss (Lois Olsen and Eastern Nebraska Human Services)</u>

(Filing No. 49)

Defendants Lois Olsen and Eastern Nebraska Human Services also seek dismissal of plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has filed a response, (Filing No. 68), which raises allegations against these defendants that were not included in plaintiff's amended complaint and are inconsistent with other statements within the plaintiff's pleadings and motions. For example, the plaintiff's response alleges Lois Olsen placed the plaintiff in the alleged pregnancy program and impregnated her, (Filing No. 68, pp. 4, 6), while plaintiff's amended complaint never attributes these acts to Lois Olsen and Eastern Nebraska Human Services, but rather to the University Defendants acting with or for the plaintiff's ex-husband and his family. Filing No. 13, pp. 9-10. The new allegations raised in plaintiff's

7

response to the motion to dismiss filed by defendants Lois Olsen and Eastern Nebraska Human Services will not be considered in ruling on the motion to dismiss filed by these defendants.

Although the plaintiff's amended complaint alleges defendants Lois Olsen and Eastern Nebraska Human Services violated Medicare law by placing her in a program approved by the American Bar Association while she was working and attending school, (Filing No. 13, p. 4), this allegation raises no cognizable claim for relief under federal Medicare law. Assuming defendants Lois Olsen and Eastern Nebraska Human Services are Nebraska state actors, the plaintiff's amended complaint fails to allege that these defendants harmed or injured the plaintiff by "drawing up programs and invading [her] private life" in violation of her First Amendment right to freedom of religion, (see Filing No. 13, p. 53 (prayer for relief)), or by unlawfully using a Durable Power of Attorney to obtain supplies and services for plaintiff's medical care. See Filing No. 13, p. 53 (prayer for relief).

Accordingly, as to defendants Lois Olsen and Eastern Nebraska Human Services, there are no allegations or facts supporting plaintiff's motion for an order enjoining the actions of "Adult Protective" and restoring plaintiff's access and control over her checking accounts. Filing No. 60, pp. 9-10. The plaintiff's amended complaint fails to state a claim upon which relief may be granted against defendants Lois Olsen and Eastern Nebraska Human Services, and their motion to dismiss, (Filing No. 49), must be granted.

<u>Motion to Dismiss (the University Defendants)</u>

(Filing No. 52)

The University Defendants have filed a motion to dismiss for failure to state a claim, and have submitted evidence in support of this motion. See Filing Nos. 52 & 53. The

8

plaintiff has filed a motion to submit evidence in opposition to the pending motions to dismiss, (Filing No. 69), and has filed an affidavit.  Filing No. 72.  The plaintiff's motion to submit evidence is granted and the affidavit will be considered.  The court notes, however, that the plaintiff's affidavit raises no facts relevant to her claims against defendants Religious Sisters of Mercy, Sister Mary Jude, Lois Olsen, and Eastern Nebraska Human Services as set forth in plaintiff's amended complaint.

Since the parties have submitted evidence in support of and in opposition to the University Defendants' motion to dismiss, this motion to dismiss is deemed a motion for summary judgment.  Fed. R. Civ. P. 12(b).  As to those claims alleged in the plaintiff's amended complaint, the following outlines the material facts submitted as evidence on the University Defendants' motion to dismiss.

The University's Office of International Studies and Programs has not employed physicians, psychiatrists, or other health professionals to order medical supplies, medical services, drugs or health care items for the treatment of patients within the United States since 1978, and it has never acted alone or in concert with anyone else on behalf of the plaintiff under a durable power of attorney.  Filing No. 53, ex. 1 (Turner affidavit).

The University of Nebraska Medical Center (TNMC) is the custodian of all the medical records of patients seen at TNMC or its predecessor institutions, including the University of Nebraska Hospital, Bishop Clarkson Hospital, and their respective clinics, and of patients seen in their home by health care providers affiliated with TNMC or its predecessors.  Based on TNMC's records, the plaintiff has not been seen by any TNMC health care professionals since November 6, 1998.   Filing No. 53, ex. 2 (Botts affidavit). The billing records submitted into evidence by the plaintiff do not reflect any medical

treatment by TNMC health care professionals after 1998. Filing No. 72 (Champion affidavit).

The plaintiff believes that medical tests and research are being performed on her body when she closes her eyes, that these procedures are being performed through the use of medical gas, and that she is being watched by a camera in her home. However, she cannot identify who is doing these acts. Filing No. 72 (Champion affidavit), ¶ 2. See also plaintiff's amended complaint, (Filing No. 13, p. 11)(stating plaintiff cannot "prove who was coming into [her] bedroom at night").

Assuming the plaintiff is attempting to allege a claim under 42 U.S.C. § 1983 against the University Defendants, the plaintiff has the burden of proving that any injuries she sustained were caused by the University Defendants. Vikse v. Basin Elec. Power Co-op., 712 F.2d 374, 377 (8th Cir. 1983). Assuming the truth of all other allegations raised by the plaintiff, she cannot prove the University Defendants have caused her alleged injuries. A summary judgment must be entered against a nonmoving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23.

There is no evidence to support the allegations against the University Defendants as set forth in the plaintiff's amended complaint. The undisputed facts also undermine any claim that the University Defendants made medical care, mental health care, or financial decisions on the plaintiff's behalf and, accordingly, there is no basis for granting the

plaintiff's request for an order enjoining the University Defendants from engaging in such conduct.  See Filing No. 13 (amended complaint), pp. 47, 53; Filing No. 60 (motion to cease and desist and for sanctions).

The University Defendants are entitled to entry of judgment as a matter of law.

IT IS ORDERED that:

1. The plaintiff's motions for reconsideration, (Filing Nos. 58 and 59), are denied;

2. The plaintiff's motion to cease and desist and for sanctions, (Filing No. 60), is denied;

3. The plaintiff's motion to file evidence in response to defendants' motions to dismiss, (Filing No. 69), is granted;

4. The motion to dismiss filed by defendants Lois Olsen and Eastern Nebraska Human Services, (Filing No. 49), is granted, and plaintiff's motion to set aside defendant Olsen's motion to dismiss,(Filing No. 68), is denied;

5. The motion to dismiss filed by Defendants Severa, University of Nebraska Medical Center, and International Studies and Programs, (Filing No. 52), is deemed a motion for summary judgment and is granted;

6. The motion to dismiss filed by Defendants Sister Mary Jude and Religious Sisters of Mercy, (Filing No. 55), is granted; and

7. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of November, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge