IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LUCILLE ANNE CHAMPION,** | ) | 8:05CV204 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNIVERSITY OF NEBRASKA MEDICAL CENTER, INTERNATIONAL STUDIES AND PROGRAMS, and DR. SEVERA,** | ))))) | |
| | ) | |
| **Defendants.** | ) | |

   This matter is before the court on Plaintiff's Notice of Appeal. (Filing No. 75.) The court dismissed Plaintiff's claims and entered judgment in this matter on November 28, 2007. (Filing Nos. 73 and 74.) On April 29, 2008, Plaintiff filed her Notice of Appeal. (Filing No. 75.) Therefore, 153 days elapsed between the court's Judgment and the filing of Plaintiff's Notice of Appeal.

   Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(1)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

   In this matter, Plaintiff did not seek an extension of the time in which to file a notice of appeal. Regardless, an extension under Rule 4 would still be appropriate, provided that

the requisite showing of excusable neglect or good cause has been made. The Eighth Circuit has clarified "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Lowry*, 211 F.3d at 462 (citation and quotation omitted).

Here, Plaintiff's Notice of Appeal does not address the fact that it was not timely filed. Plaintiff completely ignores the issues of excusable neglect or good cause and instead restates some of the allegations of her Complaint, which the court already determined to be insufficient as a matter of law. Plaintiff has not stated any reason for her failure to file a timely notice of appeal and therefore has not shown the court that her failure is for good cause or as a result of excusable neglect. The court does not have discretion to extend the time for filing a notice of appeal absent a showing by the party seeking to appeal. Fed. R. App. P. 26(b) ("[T]he court may not extend the time to file [] a notice of appeal (except as authorized in Rule 4). . . .") As such, Plaintiff's Notice of Appeal is untimely and is therefore invalid.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Notice of Appeal (Filing No. 75) is untimely; and
2. The Clerk of the court shall not process the appeal to the Court of Appeals.

DATED this 14th day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge